**FILED**

DEC - 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:
Andre Maurice Allen )
)
)
)                           Case: 1:07-mc-00537
)                           Assigned To : Roberts, Richard W.
)                           Assign. Date : 12/7/2007
)                           Description: miscellaneous
)

# MOTION FOR AN ORDER GRANTING AUTHORITY TO REVIEW SEALED PORTIONS OF TRIAL RECORD AND NON-PUBLIC SENTENCING MATERIALS, AND MEMORANDUM IN SUPPORT THEREOF

Undersigned counsel hereby seeks authority to review sealed portions of the trial record in *United States v. Andre Maurice Allen*, Cr-03-557-01 (RWR), as well as non-public sentencing materials prepared in the same case. Specifically, I seek authority to review:

- sealed portions of the January 26, 2006 Status Conference Transcript (specifically pps. 33-48);

- sealed portions of the February 8, 2006 Trial Transcript (specifically pps. 57-59 and 227-230);

- sealed portions of the February 9, 2006 Trial Transcript (specifically pps. 121-123);

- sealed portions of the February 14, 2006 Trial Transcript (specifically pps. 223-233);

- any other sealed portions of transcripts recorded in the case that were accessible to defense counsel at trial;

- any sealed filings or court orders that do not appear on the public docket but were accessible to defense counsel at trial;

- the Presentence Investigation Report prepared in the case and any revisions thereto (disclosure date April 21, 2006); and

- the Statement of Reasons attached to the judgment entered in the case on June 2, 2006 (Dkt. 317).

Fee Pd
$39.00

- 1 -

## **MEMORANDUM IN SUPPORT**

### **BACKGROUND**

On June 2, 2006, judgment was entered in the criminal case *United States v. Andre Maurice Allen*, Cr-03-557-01 (RWR). The judgment was signed by the Honorable Richard W. Roberts and docketed on June 5, 2006 (Dkt. 317).

On June 9, 2006, Mr. Allen filed a Notice of Appeal, which was docketed in the Court of Appeals on June 27, 2006, as *United States v. Allen*, No. 06-3092. The government filed a Notice of Appeal on July 7, 2007, which was docketed in the Court of Appeals on July 31, 2007, as *United States v. Allen*, No. 06-3109. The appeals were consolidated on August 17, 2006 and remain pending.

On November 26, 2007, the Court of Appeals granted Mr. Allen's motion to proceed *pro se*. In the same order, the Court, on its own motion, appointed me "as *amicus curiae* to present arguments in favor of appellant's position." The Order is attached hereto as Exhibit A.

I have sought Mr. Allen's position on this motion and he has indicated that he will likely oppose my request and that he would like an opportunity to respond. I have sought the government's position on this motion and have been authorized to state that the government does not oppose my request.

### **ARGUMENT**

As noted above, the Court of Appeals has appointed me "as *amicus curiae* to present arguments in favor of [Mr. Allen's] position" on appeal. To fully effectuate the Court's mandate, it is important that I have a thorough understanding of the record in Mr. Allen's trial and sentencing proceedings, including those portions that are not currently available to the public.

To that end, I am requesting that the Court grant me authority to review certain sealed materials. My review of those materials would be for the limited purpose of identifying and assessing issues that should be presented in Mr. Allen's favor in my capacity as *amicus curiae*. My review would be subject to the same confidentiality limitations that would apply were I serving as defense counsel, as well as any other reasonable limitations sought by Mr. Allen that are consistent with the Court of Appeals' mandate. Should I determine that it is appropriate to describe or cite any of the sealed materials in the briefing I prepare, I will file the full brief under seal and redact the material from the publicly filed brief.

I also seek access to the Presentence Investigation Report (PSR) prepared in Mr. Allen's case, and the Statement of Reasons attached to the judgment.

PSRs "have traditionally been treated as confidential pursuant to [Fed. R. Crim. P.] 32," and are generally reviewable only by the sentencing court, the defendant, defense counsel, and the prosecutor. *United States v. Pena*, 227 F.3d 23, 26 (2d Cir. 2000). But the presumption of confidentiality is "not absolute." *United States v. Loeper*, 132 F. Supp. 2d 337, 340 (E.D. Pa. 2001); *see United States v. Huckaby*, 43 F.3d 135, 136, 138 (5th Cir. 1995) (noting that "no statute or rule . . . requires that presentence reports remain confidential after the sentencing hearing has occurred," and further noting that "it is difficult to conceive that confidentiality of the information in a [PSR] must be maintained under all circumstances, and no court has so held"). Rather, courts have concluded that under certain circumstances a sentencing court has the authority to permit disclosure of a PSR to a third party, even over the defendant's objection. *See, e.g., Huckaby*, 43 F.3d at 138 (holding that disclosure was appropriate over the defendant's objection because the party seeking it demonstrated "a compelling, particularized need" for the PSR) (citation omitted); *Abrue-Reyes v. INS*, 292 F.3d 1029, 1033-34 (9th Cir. 2002) (noting that

"third parties may have access [to] and rely on pre-sentence reports in certain situations," and holding that an immigration law judge's "narrow use" of a PSR was permitted because it "serve[d] the ends of justice" and did not cause a major intrusion on the confidentiality of the document).

Granting the permission I seek to review the PSR prepared in Mr. Allen's case is warranted in light of the Court of Appeals' November 26 order. The PSR is likely to include information relevant to the calculation and determination of Mr. Allen's sentence that is not available to me from other sources. Thus, absent access to the PSR, I cannot fully discharge the Court's mandate, which encompasses briefing of sentencing issues.

Mr. Allen has indicated that he will oppose my request. To the extent Mr. Allen's concern is confidentiality, the Court can address that issue by redacting personal or other sensitive information clearly irrelevant to any issues on appeal. Moreover, granting this motion would not result in disclosure of the PSR to the public at large. Rather, I would personally review the report for the limited purpose of identifying and assessing those sentencing issues that should be presented to the Court of Appeals in favor of Mr. Allen's appeal. As with the sealed materials enumerated above, my review would be subject to the same confidentiality limitations that would apply were I serving as defense counsel. If I determine that it is appropriate to describe or cite the PSR in the briefing I prepare, I will file the full brief under seal and redact the material from the publicly filed brief.

Like a PSR, a court's Statement of Reasons for sentencing is not, as a matter of policy, made available to the public. *See* Judicial Conference Policy Statement, Report of the Proceedings of the United States Judicial Conference, at 17 (Mar. 14, 2001). But it is provided to "appropriate entities," including defense counsel, government attorneys, and courts of appeals.

*Id.* As with the PSR, review of the Statement of Reasons (which also may include information not available from other sources) is necessary to allow me to effectuate the Court of Appeals' order that I present arguments in Mr. Allen's favor, including arguments regarding sentencing.[1] I would review the Statement of Reasons subject to the same restrictions applicable to the sealed portions of the trial record and the PSR.

## CONCLUSION

For the reasons given, I respectfully request that this Court grant my motion for access to the sealed and non-public materials enumerated above.

Dated: December 7, 2007                                Respectfully submitted,

*Alexandra M. Walsh*
Alexandra M. Walsh
(D.C. Bar No. 490484)
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004
Tel:  (202) 639-7946

---

[1] Moreover, my understanding is that my mandate from the Court of Appeals encompasses responding to arguments made by the government in its cross-appeal, which may well implicate information included in the Statement of Reasons and potentially the PSR as well.

# EXHIBIT A

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 06-3092**                                           **September Term, 2007**

03cr00557-01

**Filed On:**

United States of America,
    Appellee

v.

Andre Maurice Allen,
    Appellant

UNITED STATES COURT
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED NOV 2 6 2007

CLERK

Consolidated with 06-3109

**BEFORE:**   Henderson, Tatel, and Kavanaugh, Circuit Judges

### ORDER

Upon consideration of the motion to withdraw and the motion for leave to proceed pro se, it is

**ORDERED** that the motions be granted and that appellant be allowed to proceed pro se. James W. Beane, Jr. and Bernadette Sargeant are directed to transmit all papers in their possession relevant to this appeal, including all transcripts prepared for appellant under the Criminal Justice Act, to appellant as promptly as possible. It is

**FURTHER ORDERED**, on the court's own motion, that

    Alexandra Walsh
    Baker Botts, LLP
    1299 Pennsylvania Avenue, NW
    The Warner, Suite 1300 West
    Washington, DC 20004-2400

a member of the Bar of this court, be appointed as amicus curiae to present arguments in favor of appellant's position.

**Per Curiam**

KLH

BK

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 7th day of December 2006, I caused a true and correct copy of the foregoing (and the exhibit thereto), and Proposed Order, to be served via regular mail service upon:

>Debra L. Long-Doyle
>Assistant U.S. Attorney
>U.S. Attorney's Office
>Judiciary Center Building
>555 4th Street, NW
>Washington, DC 20530
>202-305-2304
>
>Royce Wallace McLeese, III
>Assistant U.S. Attorney
>U.S. Attorney's Office, Criminal Appellate
>Judiciary Center Building
>555 4th Street, NW
>Washington, DC 20530
>202-514-7088
>
>*Counsel for the United States*
>
>Andre Maurice Allen
>Fed. Reg. No. 28112-016
>Federal Correctional Institute Medium
>Petersburg Medium
>Petersburg, VA 23804
>
>*Defendant-Appellant*

>*/s/ Alexandra M. Walsh*
>Alexandra M. Walsh
>(D.C. Bar No. 490484)
>Baker Botts LLP
>1299 Pennsylvania Avenue, NW
>Washington, DC 20004
>Tel: (202) 639-7946